IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DORIS RUSSELL o/b/o J.P.                                                PLAINTIFF

v.                        CIVIL NO. 09-6002

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Doris Russell, brings this action on behalf of her minor granddaughter, J.P., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.P.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

**I.      Procedural Background:**

Plaintiff protectively filed the application for SSI on J.P.'s behalf on February 15, 2006, alleging that J.P. is disabled due to a hip bone growth problem. (Tr. 16, 58). An administrative hearing was held on April 2, 2008, at which J.P. and Plaintiff appeared with counsel and testified. (Tr. 259-272).

The ALJ, in a written decision dated August 24, 2008, found that J.P. was not disabled, as J.P. did not have an impairment that met or was medically or functionally equal to a listed impairment. (Tr. 13-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on December 9, 2008. (Tr. 4-7).

Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Docs. 7, 8).

## II. Discussion:

The court's review is limited to whether the decision of the Commissioner to deny benefits to the Plaintiff is supported by substantial evidence on the record a whole. See Ostronski v. Chater, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Richardson v. Pearles, 402 U.S. 389, 401 (1971). The court must consider both the evidence that supports and the evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L. 104-193, revised the standards for determining childhood disability. Under the "interim" revised standards, a child is considered disabled if she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 1382c(a)(3)(c)(I). Effective January 2, 2001, the Commissioner promulgated "final" revised rules in response to public comments regarding the implementation of the revised rules . See Childhood Disability Provisions, 65 Fed. Reg. 54747 (September 11,2000)(to be codified at 20 C.F.R. Pts. 404, 416.) Under these "final" rules there is now a single method, rather than four separate methods, for evaluating functional equivalence based only on six domains of

functioning. 20 C.F.R. § 416.926a(b). In the present case, in the decision dated August 27, 2008, the ALJ correctly used the "final" rules in making his disability determination.

The regulations implementing the revised standards prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in substantial gainful activity. See 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. See 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. See 20 C.F.R. § 416.924(d). In the present case, the ALJ found that J.P.'s claim failed at step three, as J.P. did not have an impairment that met or medically or functionally equaled a listed impairment.

First, we find there is substantial evidence on the record to support the ALJ's determination that J.P.'s impairments do not meet or medically equal in severity any listed impairment. See 20 C.F.R. Part 404, Subpt. P, App. 1, Part B. We next address whether J.P.'s impairments are functionally equal to any listed impairment, or, in other words, whether "what [J.P.] cannot do because of [her] impairments . . . is functionally equivalent in severity to any listed impairment that includes disabling functional limitations in its criteria." 20 C.F.R. § 416.926a(a).

Functional equivalence may be established by demonstrating marked limitations in two, or extreme limitations in one of the following areas: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. See 20 C.F.R. § 416.92a(d). The ALJ determined that the facts in this case suggest J.P. has "moderate" limitations in the area of

moving about and manipulating objects; and "no limitation" in the areas of acquiring and using information, attending and completing tasks, interacting and relating with others, caring for oneself, and health and physical well-being. We do not find substantial evidence on the record to support the ALJ's determination.

We are troubled by the ALJ's determination that J.P. has no limitations in the areas of acquiring and using information and attending and completing tasks. Specifically, the ALJ found that J.P.'s valid test score of ninety, indicating average intelligence, on the Wechsler Intelligence Scale for Children-4th Edition (WISC-IV) revealed J.P. had no limitations in the area of acquiring and using information; and that the medical records showed J.P. had no limitations in the area of attending and completing tasks. (Tr. 18-20).

What is troublesome to the undersigned is that the ALJ failed to address the evidence revealing J.P. was retained in the second grade and that J.P. continued to struggle academically despite interventions. (Tr. 61, 208-210). Evidence submitted to the Appeals Council also reveals that J.P. had obvious problems completing class/homework assignments due to the inability to grasp reading and math concepts.[1] (Tr. 240-248, 251-258). While the record clearly shows J.P. was absent from school often due to her surgeries, which put her behind in her studies, the evidence also shows J.P.'s teachers were concerned about J.P.'s ability to progress to the next grade in school due to very low reading, spelling and math levels. (Tr. 208).

---

[1] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 4-7.) See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

After evaluating J.P., Ms. Cynthia J. Bailey, M.S., a nationally certified school psychologist, completed a psychoeducational report on March 15, 2008. (Tr. 241-248). Ms. Bailey summarized the evaluation as follows:

> [J.P.] is a current 3rd grader who was retained in second grade. Her ability level is in the average range yet her achievement as measured through testing and by report card grades continues to fall below grade level in reading, math, and written language. Her educational delays have been documented for the last 3 years which is as far back as school files were available. She has had numerous absences due to unavoidable surgeries but during those times she has had Home Bound educational services from the school. J.P. has had numerous interventions to address her learning problems. Those include: retention, tutoring, classroom accommodations, Title I, Reading Therapy. J.P. has not made the expected academic progress and may be considered for Special Education services under the criteria Specific Learning Disability for the areas of basic reading skills, reading comprehension, written expression, mathematics calculations, and mathematics reasoning.

(Tr. 248). Further, J.P.'s third grade teacher reported J.P. had significant difficulty comprehending and completing schoolwork in a variety of academic areas to include reading, spelling and math; that J.P. sometimes acts as if she is confused and talks to herself; and that J.P. demonstrates weak study skills, is poorly organized and has difficulty turning in assignments on time. (Tr. 244, 252-253). J.P. also testified at the administrative hearing that she spends four days, of the five-day school week, in reading class, and one day in her regular class. (Tr. 264).

We believe remand is necessary so that the record can be further developed regarding J.P's areas of development, especially in the areas of acquiring and using information and attending and completing tasks. On remand, the ALJ should direct interrogatories to obtain functional assessments from J.P.'s treating physician(s), counselor(s), and psychologist(s) for the time period in question.

AO72A
(Rev. 8/82)

## III. Conclusion:

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 15th day of January 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)