IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DORIS RUSSELL o/b/o J.P.                                           PLAINTIFF


         v.                    CIVIL NO. 09-6002


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                     DEFENDANT

**O R D E R**

Plaintiff, Doris Russell o/b/o J.P., appealed the Commissioner's denial of benefits to this court. On January 15, 2010, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). Plaintiff now moves for an award of $2,542.00 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 16.40 hours of work before the court at an hourly rate of $155.00. (Docs. 11-12). The Defendant has filed a response, expressing no objection to the award. (Doc. 13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. Id.; See also, Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand

counsel's representation on the substantive aspects of the disability claim." Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991), quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the court may reduce the award accordingly. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. See 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $155.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074

-3-

AO72A
(Rev. 8/82)

(8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit (Doc. 12) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that Plaintiff's counsel is entitled to an award at the rate of $155.00 per hour.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel submitted 1.45 hours on January 6, 2009; and 0.45 hour on January 7, 2009, and January 9, 2009. Plaintiff's counsel included trips to the courthouse in these submissions of time. This time is not compensable under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Plaintiff's counsel does not specify the time spent on this travel so the court will deduct 0.25 hour from each submission. Plaintiff's counsel also seeks 0.30 hour on January 14, 2009 (review consent; dictate letter; sign and return consent to exercise jurisdiction), from which we deduct 0.20 hour; 0.15 hour on February 5, 2009 (dictate and file affidavit of service), from which we deduct 0.07 hour; and 0.30 on March 16, 2009 (review order on brief length, pull file and check Answer date; review briefing schedule and calendar same), from which we deduct 0.22 hour. Id. Accordingly, 0.99 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.15 hour on January 20, 2009 (review order of reference signed by Judge). The court will allow 0.03 hour for the review of this one-sentence Order. Accordingly, 0.12 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 2.00 hours on January 23, 2010, to review this court's seven page memorandum opinion and judgment and to explain the court's decision to Plaintiff. The court finds the time requested excessive and will reduce the time by 1.00 hour.

Finally, Plaintiff's counsel seeks 2.00 hours on January 25, 2010, for the preparation of the EAJA pleadings. The court finds the time requested to be excessive and will allow 1.00 hour.

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 13.29 (16.40-3.11) hours for attorney's fees, at the rate of $155.00 per hour, for a total attorney's fee award of $2,059.95. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 17th day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)